IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON KEITH SWIFT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–22–128–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Brandon Keith Swift (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental

impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

The claimant was fifty-one years old at the time of the administrative hearing. (Tr. 48). He possesses at least a high school education. (Tr. 18). He has worked as a janitor (Tr. 18). Claimant alleges that he has been unable to work since August 4, 2019,[2] due to limitations resulting from heart disease, right hand joint issues, possible stroke, back problems, and right knee issues. (Tr. 108).

### Procedural History

On August 28, 2019, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. After an administrative hearing, Administrative Law Eric Weiss ("ALJ") issued an unfavorable decision on July 14, 2021. Appeals Council denied

---

[2] Although Claimant alleged a October 1, 2018 date of disability in his initial application, at the hearing he amended his alleged disability onset date to August 4, 2019. (Tr. 10).

review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in improperly evaluating the medical opinion evidence of Dr. DeLaughter.

## Consideration of Medical Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of hypertensive heart disease, pleurisy, tachycardia, osteoarthritis, major depressive disorder, and anxiety disorder. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform light work. Specifically, the ALJ found that Claimant can lift, push, and pull twenty pounds occasionally. However, he frequently can lift and carry as well as push and pull ten pounds. Claimant can walk and stand or sit for six hours out of an eight-hour workday with normally scheduled breaks. The ALJ also found that Claimant can frequently stoop, crouch, kneel, crawl, and climb ramps or stairs, but never can climb ladders, ropes, or scaffolds. He can occasionally handle and finger with the right

4

dominant upper extremity. Claimant must avoid concentrated exposure to extreme cold. The ALJ opined that Claimant can understand, remember, and carry out detailed but not complex instructions; make commensurate work-related decisions; and adjust to routine workplace changes. He can also occasionally interact with supervisors, co-workers, and the public. Claimant can maintain concentration, persistence, and pace for two hours out of an eight-hour workday with normally scheduled breaks. (Tr 15).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of school bus monitor, furniture rental clerk, and counter clerk. (Tr. 19). As a result, the ALJ found Claimant has not been under a disability from, August 14, 2019, through the date of the decision, July 14, 2021. (Tr. 19).

Claimant contends that the ALJ did not properly consider and discuss the medical evidence presented by consultative physician Dr. Harold DeLaughter. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are:  (i)  supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and

examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215

(10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); see also *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Here, the ALJ found the opinion of consultative physician, Dr. Harold DeLaughter to have "limited persuasiveness because the examination and the generally normal examination throughout the record during the period at issue do not support the extent of the limitations." (Tr. 17). Specifically, the ALJ disagreed with Dr. DeLaughter's finding that Claimant is only able to stand or walk for only twenty minutes at a time and to stand or walk for a total of one hour out of an eight-hour workday.  The ALJ stated that "[t]he examination was generally normal except for an antalgic gait but the claimant was able to ambulate with a stable gait without an assistive device." (Tr. 17). In the ALJ's preceding summary of the medical evidence the ALJ stated that Dr. DeLaughter's examination "confirmed that the claimant had normal strength in all four extremities."

However, both of these assertions ignore other findings within Dr. DeLaughter's report. The ALJ ignored Dr. DeLaughter's adverse findings and instead picked his way through Dr. DeLaughter's report in order to make a

7

finding of nondisability. Dr. DeLaughter specifically found that Claimant had weak heel walking in his right leg and limited flexion in his right knee. (Tr. 632, 635). This evidence was the basis for which Dr. DeLaughter concluded Claimant had major limitations on his ability to walk and stand. But, without addressing this evidence, the ALJ generalized Dr. DeLaughter's report as "generally normal" and used the sole finding that Claimant did not require a cane as his basis for rejecting Dr. Delaughter's walking limitations.

In an effort to discredit Dr. DeLaughter's opinion evidence, the ALJ cited to a broad number of records that did not relate to Claimant's orthopedic problems but rather records pertaining to Claimant's other impairments. Despite the ALJ's failure to point out any records that contradicted Dr. DeLaughter's consultative evaluation, he nonetheless characterized Dr. DeLaughter's opinion as having "limited persuasiveness."

Given the ALJ's extremely vague summary of Claimant's expansive medical history, this Court cannot be assured that the ALJ's decision was guided by the objective medical evidence rather than his own personal opinion and medical knowledge. Clearly, an ALJ cannot substitute his own medical opinion for that of a medical professional. *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996). In rejecting Dr. DeLaughter's conclusions it is clear to this Court that the ALJ substituted is own medical opinion for that of a qualified medical professional. On remand, the ALJ shall provide specific, legitimate reasons for rejecting Dr. DeLaughter's medical opinion evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 20th day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**